IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELSIE GENE FLYNN, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 2:23-cv-1852 |
| ) | |
| v. ) | Judge Nora Barry Fischer |
| ) | Magistrate Judge Patricia L. Dodge |
| ACTING WARDEN OF ALLEGHENY ) | |
| COUNTY JAIL, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus filed by Kelsie Gene Flynn under 28 U.S.C. § 2241. (ECF 4.) For the reasons set forth below, it is recommended that the Court deny the Petition because it is moot and deny a certificate of appealability.

**II.   REPORT**

**A.   Relevant Background**

In July 2023, Flynn was arrested under 42 Pa. Cons. Stat. § 9136 as a fugitive from justice from West Virginia. This statute is a provision of the Uniform Criminal Extradition Act ("U.C.E.A."), which is codified in Pennsylvania at 42 Pa. Cons. Stat. §§ 9121-9148. The case was filed in the Court of Common Pleas of Allegheny County on its miscellaneous docket at No. CP-02-MD-0004413-2023 and will be referred to as Flynn's "extradition case."

Not long thereafter, Flynn was charged in the Court of Common Pleas of Allegheny County with four counts of the offense of Persons Not to Possess a Firearm, in violation of 18 Pa. Cons. Stat. § 6105(a)(1), (c)(1). The case was filed in the Court of Common Pleas at criminal docket No. CP-02-CR-0005678-2023 and will be referred to as Flynn's "Pennsylvania criminal case."

On October 2, 2023, the Governor of Pennsylvania issued a warrant in Flynn's extradition case directing that he be taken into custody and returned to West Virginia because he was charged in that state with the crime of Threatening to Commit a Terrorist Act. The Governor's warrant, which was authorized by the U.C.E.A. at 42 Pa. Cons. Stat. § 9140, also granted authority "to any Pennsylvania law enforcement, corrections or prosecuting official(s) the right to dispose of all charges pending in the Commonwealth of Pennsylvania prior to serving this warrant and/or transferring [Flynn] from Pennsylvania to [West Virginia]." (Resp's Ex. 4, ECF 14-1 at p. 14.)

On October 19, 2023, Flynn appeared before a state court judge for a hearing in his extradition case. Following this hearing, the state court judge issued an order to extradite Flynn to West Virginia. (Resp's Ex. 5, ECF 14-1 at p. 41.)

In around December 2023, Flynn, proceeding *pro se*, filed the Petition in this Court. At the time, he was in custody in the Allegheny County Jail awaiting his trial in his Pennsylvania criminal case. Flynn claims that his rights under the United States Constitution, the Pennsylvania Constitution, and the U.C.E.A. are being violated. As relief, Flynn seeks an order from this Court that directs that he be immediately released from the Allegheny County Jail.

The Court served the Petition on Respondents and they have filed their Answer. (ECF 14.) The Court then issued an order setting forth the due date for Flynn's Reply. (ECF 14.) Flynn did not file a Reply.

The Court takes judicial notice of the information contained on the docket sheet for Flynn's Pennsylvania criminal case. It shows that his jury trial in that case was held in April 2024, and the jury returned a verdict of not guilty at all four counts. Shortly thereafter, he was extradited to West Virginia.

The Court also takes judicial notice of the information contained on the docket sheets related to Flynn's West Virginia criminal case, made available by the relevant West Virginia state court. They show that in July 2024 the local prosecutor voluntarily dismissed Flynn's charge of Threatening to Commit a Terrorist Act.

B.   Discussion

A federal habeas corpus action is the vehicle by which a prisoner can challenge the legality of his detention. Its function is to secure release from illegal custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (habeas "empowers a federal court to grant a petitioner relief from unlawful state custody.").

Flynn filed his Petition under 28 U.S.C. § 2241. This habeas statute provides, in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless … *[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]*" 28 U.S.C. § 2241(c)(3) (emphasis added).

Respondents assert that the Court should deny Flynn habeas relief for several reasons, including that he did not exhaust any of his claims and that *Younger* abstention is appropriate in this case. However, certain developments after Respondents filed their answer require this Court to first address whether the habeas petition is now moot as that affects this Court's jurisdiction. *See, e.g.*, *Keitel*, 729 F.3d at 280. It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to

3

the defendant and likely to be redressed by a favorable judicial decision.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990), which cited *Allen v. Wright*, 468 U.S. 737, 750-51 (1984) and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be denied as moot. *Id.* at 147-48; *Keitel*, 729 F.3d at 280.

That is the case here. Flynn's Pennsylvania criminal case has concluded. He was acquitted and then released from the Allegheny County Jail and extradited to West Virginia. Thus, there is no relief that this Court can provide to him and this habeas case is now moot. *Spencer*, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."); *Luna v. Erie Cnty. Ct. of Common Pleas*, 2016 WL 2586630, at *3 (W.D. Pa. Apr. 7, 2016) (state pretrial detainee's § 2241 petition became moot upon his acquittal), report and recommendation adopted, 2016 WL 2350146 (W.D. Pa. May 4, 2016); *Beachem v. Att'y Gen. of Missouri*, 808 F.2d 1303, 1304 (8th Cir. 1987) (the petitioner's claims challenging his extradition became moot when he was transferred to the receiving state).

## III.  CONCLUSION

Based on the above, it is respectfully recommended that the Court deny the Petition as moot. It is further recommended that the Court deny a certificate of appealability because jurists of reason would not find the Court's disposition of Flynn's claims to be debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).[1]

Dated:  February 13, 2025                    /s/ Patricia L. Dodge
                                             PATRICIA L. DODGE
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] The Court previously advised Flynn that he was under a continuing obligation to notify the Clerk of Court of any change of address. (ECF 6.) Flynn has not updated his address since his release from the Allegheny County Jail, likely because he is no longer interested in pursuing this case. The Court will mail this Report and Recommendation to him at his address of record at the Allegheny County Jail because that is his last known address.